IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOHNNY FRANK BALL, JR., and TEMPIE BALL | : : : |
| Plaintiffs, | : : |
| v. | :   CASE NO.: 1:12-cv-132 (WLS) |
| JPMORGAN CHASE BANK, N.A. and FEDERAL HOME LOAN MORTGAGE CORPORATION, | : : : : |
| Defendants. | : : |

**ORDER**

Before the Court is Defendants JP Morgan Chase Bank N.A. and Federal Home Loan Mortgage Corporation's Motion for Judgment on the Pleadings. (Docs. 18, 34.) For the reasons that follow, Defendants' motion is **GRANTED**.

**I.     Procedural Background**

Plaintiffs Johnny Frank Ball Jr. and Tempie Ball filed this suit in the Superior Court of Sumter County, Georgia, seeking to set aside the non-judicial foreclosure of their home. They also seek compensatory and punitive damages against JP Morgan Chase Bank (Chase) and the Federal Home Loan Mortgage Corporation (Freddie Mac) for wrongful foreclosure and fraudulent and negligent misrepresentation. The basic legal theory underlying these causes of action is premised on the definition of a "secured creditor" in the Georgia Code. Plaintiffs claim that Chase lacked authority to foreclose its property because only a "secured creditor"—a creditor who holds the promissory note— may initiate a non-judicial foreclosure, and Chase held only the security deed. Because

1

the Georgia Supreme Court recently rejected this theory, the Court grants Defendants' Motion for Judgment on the Pleadings.

First, the factual background: On June 5, 2009, to secure financing for a single-family home, Johnny Frank Ball and Tempie Ball executed a promissory note in the amount of $158,000 to First Choice Financial Corporation, the lender. The promissory note was secured by a security deed, which identified Mortgage Electronic Registration Systems, Inc. (MERS) and its successors and assigns as the grantees of the security instrument. The security deed gave MERS and its successors and assigns a power of sale and provided that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."

Sometime afterward, Freddie Mac purchased the loan and MERS assigned the security deed to Chase Home Finance LLC.

Plaintiffs defaulted on their loan and Chase notified them their property would be foreclosed on the first Tuesday in July 2010 and "that Chase was the secured creditor with full authority to negotiate, amend, and modify all terms of the mortgage." During the foreclosure proceedings, Chase purchased the property as the highest bidder and conveyed it to Freddie Mac.

Plaintiffs essentially claim this process was unlawful because Chase, which later merged with JP Morgan, did not hold the promissory note and thus was not a "secured creditor" with authority to foreclose. Rather, the Plaintiffs claim, Freddie Mac was the

2

true secured creditor but no assignment of the mortgage was ever recorded in the county deeds record.

On August 31, 2012, Defendants removed the case to this Court on the basis of diversity jurisdiction. Shortly afterward, Defendants filed a motion for judgment on the pleadings. On January 24, 2013, the Court entered a stay because the U.S. District Court for the Northern District of Georgia had certified questions ostensibly dispositive to this case to the Georgia Supreme Court. The Court ordered the parties to file supplemental briefs following the Supreme Court of Georgia's decision. The Supreme Court of Georgia issued its opinion May 20, 2013. Defendants filed a supplemental brief June 12, 2013, claiming that the decision entitles them to a judgment on the pleadings.

## II. Discussion

### A. Standards

Under Federal Rule of Civil Procedure 12(c), a party may make a motion for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial where a complaint "fail[s] to state a claim upon which relief can be granted." Federal Rule of Civil Procedure 12(b)(6) motions to dismiss standards apply to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) (explaining that standard under both Rule 12(b)(6) and 12(c) is "whether the count state[s] a claim for relief"). When ruling on a motion to dismiss for failure to state a claim, the court must view the allegations of the complaint in the light most favorable to the plaintiff and consider the well-pleaded allegations of the complaint as true. *Quality Foods de Centro Am., S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

3

In applying this standard, a motion to dismiss a plaintiff's complaint, or a portion thereof, under Rule 12(b)(6) should not be granted unless a plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted).

Additionally, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

A court's review on a motion to dismiss is "limited to the four corners of the complaint." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir.2002). A court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997) (per curiam). However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment. *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993) ("Documents that a defendant attaches to a motion to dismiss are considered

4

part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). Additionally, a court "may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Halmos v. Bombardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).

### B. Analysis

Plaintiffs raise various causes of action premised on the theory that Freddie Mac, and not Chase, was the sole "secured creditor" under Georgia law with authority to initiate a non-judicial foreclosure. This theory is based on Chase's lack of possession of the promissory note. These claims fail as a matter of law.

In *You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428 (Ga. 2013), the Supreme Court of Georgia held that "under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the debt." 743 S.E.2d at 433. The facts of *You* are identical to those in this case. In 2003, Chae Yi You and Chur K. Bak financed the purchase of their home with a loan from Excel Home Loans. *Id.* at 429. Excel transferred the promissory note to an unidentified entity and assigned the security deed to Chase Manhattan Mortgage Corporation. *Id.* After You defaulted on the loan, Chase initiated foreclosure proceedings and mailed the plaintiffs notice of the proposed foreclosure. *Id.* At the non-judicial sale, Chase was the highest bidder of the property and then quitclaimed the property to the Federal National Mortgage Association. *Id.*

As in *You*, there appears to be no dispute that Chase held the security deed. That security deed explicitly gave MERS and its successors and assigns the power of sale fol-

5

lowing a default on the mortgage. Thus, as in *You*, Chase had authority to foreclose by virtue of its possession of the security deed. One way or another, all of Plaintiffs causes of action, and proposed causes of action, rest on this renounced theory of law. (*See* Pls. Compl. ¶¶ 29, 31, 40, 44, 48, 55.) The foreclosure theref0re did not violate Georgia foreclosure statutes, so a wrongful foreclosure claim fails. *See McCarter v. Bankers Trust Co.*, 543 S.E.2d 755, 758 (Ga. Ct. App. 2000) (holding that "violation of [a foreclosure] statute is necessary to constitute wrongful foreclosure"). And because Chase had authority to foreclose, there was no fraudulent or negligent misrepresentation in telling Plaintiffs that was so.

To the extent Plaintiffs allege the foreclosure notice was defective, this claim also fails. The Complaint states that Chase notified Plaintiffs in writing that it had authority to negotiate, amend, and modify the terms of the mortgage. Under O.C.G.A. § 14-14-162.2(a), the foreclosure notice need only identify the individual or entity with "full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." That individual may be the deed holder, the servicing agent, or other party with such authority. *You*, 743 S.E.2d at 433–34; *Harris v. Chase Home Finance, LLC*, No. 12-10406, 2013 WL 3940000, at *3 (11th Cir. Jul. 31, 2013) ("The only entity that had to be identified in the Notice was the one with the full authority to negotiate, amend, or modify the terms of the loan, and that could be the deed holder, note holder, attorney, or servicing agent.") Chase was both the servicing agent and deed holder (Pls. Compl. ¶ 21) and had authority under the deed to act on behalf of the "Lender's successors and assigns" (Doc. 1-3 at 4).

Finally, recent Georgia law also forecloses Plaintiffs claim that the assignment of the deed to Chase from MERS was somehow unlawful. In *Montgomery v. Bank of*

6

*America*, 740 S.E.2d 434 (Ga. Ct. App. 2013), the Court of Appeals of Georgia held that language in a security deed identical to the Plaintiffs' deed gave MERS authority to assign. *See* 740 S.E.2d at 436–37.

For those reasons, the Court concludes Defendants are entitled to a judgment as a matter of law.

### III. Conclusion

Defendants' motion (Docs. 18. 34) is **GRANTED**.

**SO ORDERED**, this  10th  day of October 2013.

 W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**