IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOHNNY FRANK BALL, JR., and TEMPIE BALL, <br><br>    Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A. and FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br>    Defendants. | CASE NO.: 1:12-cv-132 (WLS) |

### ORDER

Before the Court are Plaintiffs' Motion for Leave to File Second Amended Complaint and Motion for Reconsideration. (Docs. 38, 39.) For the reasons that follow, the motions are **DENIED**.

### PROCEDURAL BACKGROUND

Plaintiffs Johnny Frank Ball Jr. and Tempie Ball brought suit against JPMorgan Chase Bank, N.A., and the Federal Home Loan Mortgage Corporation, for claims arising from the non-judicial foreclosure of their home. JPMorgan Chase Bank, as successor by merger to Chase Home Financing, LLC, held a security deed on the Plaintiffs' home used to secure the promissory note evincing their home loan. Since the beginning of this lawsuit, the Plaintiffs have asserted in a variety of ways that Chase Home Financing lacked standing to foreclose their mortgage because it did not possess the promissory note that carried the indebtedness.

On January 24, 2013, the Court stayed this case pending the Supreme Court of Georgia's answer to a certified question in a similar case from the Northern District of Georgia. About four months later, in *You v. JP Morgan Chase Bank, N.A.*, 293 Ga. 67 (2013), the Supreme Court of Georgia held that "under current Georgia law, the holder

1

of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the debt," *id.* at 74. Reasoning that the *You* decision foreclosed Plaintiffs' claims for relief, the Court granted Defendants' Motion for Judgment on the Pleadings. (Doc. 36.)

At no point prior to the Court's ruling did Plaintiffs, who were represented by counsel, move to amend or request leave to amend their Complaint.

On October 27, 2013, Plaintiffs filed the pending Motion for Leave to File Second Amended Complaint and Motion for Reconsideration. The Motion for Reconsideration contends that the Court made a "manifest error of law" by dismissing Plaintiffs' complaint without, *sua sponte*, granting leave to amend. The Motion for Leave to File Second Amended Complaint primarily addresses why, under Federal Rule of Civil Procedure 15(a), there are not substantial reasons to deny leave to amend. Defendants oppose both motions.

## DISCUSSION

I. **Motion for Reconsideration**

Plaintiffs argue the Court committed a manifest error of law by dismissing their complaint without first granting leave to amend. (Doc. 39 at 3 (quoting *Muckle v. UNCF*, 420 F. App'x 916, 918 (11th Cir. 2011).) The Eleventh Circuit disposed of this argument more than a decade ago in *Wagner v. Daewoo Heavy Industries America Corporation*, 314 F.3d 541 (11th Cir. 2002) (en banc). The *Wagner* court held that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Id.* at 542.

In reaching this holding, the *Wagner* court overruled in part *Bank v. Pitt*, 928 F.2d 1108 (11th Cir. 1991) (per curiam), which had held that "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted, we have held that a district court should give a plaintiff an opportunity to amend his complaint prior to dismissing it," *id.* at 1112. The Eleventh Circuit reasoned the *Bank* rule gave

2

plaintiffs "two bites at the apple." 314 F.3d at 543. A plaintiff could sit on his rights while awaiting a district court's ruling on a motion to dismiss. *Id.* Then he could appeal and wait for the result. *Id.* If he prevailed on appeal, the case would be reversed; if he lost, he could at least bank on a remand for an opportunity to amend the complaint. *Id.*

Thus, *Wagner* forecloses Plaintiffs' argument that the Court erred in failing to grant leave to amend the complaint prior to dismissal. Like the plaintiff in *Wagner*, Plaintiffs, who are represented by counsel, never sought to amend their complaint. They instead sought to distinguish *You* with a semantic argument. They then waited for the Court's ruling before moving to amend. Plaintiffs do not get "two bites at the apple."

Plaintiffs' citation to *Muckle v. UNCF*, 420 F. App'x 916 (11th Cir. 2011) is disingenuous. *Wagner* explicitly withheld ruling on *pro se* parties. *Id.* at 541 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding pro se."). The Eleventh Circuit continues to apply *Bank* to *pro se* plaintiffs. *E.g.*, *Muckle v. UNCF*, 420 F. App'x at 918. Plaintiffs in this case are not—and never were—*pro se* plaintiffs. (*See* docket.)

Because the Court did not commit a manifest error of law, Plaintiffs' motion is **DENIED**.

**II.     Motion for Leave to File Second Amended Complaint.**

Accompanying their Motion for Reconsideration, Plaintiffs also move for leave to file a second amended complaint. In their motion, Plaintiffs premise the Court's authority to grant leave on Rule 15(a) of the Federal Rules of Civil Procedure. But "Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered." *Jacobs v. Tempur-Pedic Int'l*, 626 F.3d 1327, 1344 (11th Cir. 2010) (emphasis in original).

Because the Court has denied Plaintiffs' Motion for Reconsideration and the judgment remains in this case, the motion for leave to file an amended complaint is **DENIED**.

## CONCLUSION

For those reasons, Plaintiffs' Motion for Reconsideration (Doc. 39) and Motion for Leave to File Second Amended Complaint (Doc. 38) are **DENIED**.

**SO ORDERED**, this      27th   day of January, 2014.

       W. Louis Sands
       **W. LOUIS SANDS, JUDGE**
       **UNITED STATES DISTRICT COURT**